# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAROLD E. FELDER, et al.** | * |
| | * |
|     **Plaintiffs** | * |
| | *     Civ. No.:    PJM 13-1741 |
| **v.** | * |
| | * |
| **BUONASSISSI, HENNING & LASH, PC** | * |
| **et al.** | * |
| | * |
|     **Defendants** | * |

## MEMORANDUM OPINION

Plaintiffs Harold and Cherry Felder, *pro se*, have brought an action against 39 defendants, alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, malicious use of process, malicious use of prosecution, 18 U.S.C. §§ 241 and 242, intentional infliction of emotional distress, and mail fraud, all presumably related to foreclosure proceedings on four properties located in Prince George's County, Maryland. Defendant Specialized Loan Servicing, LLC ("SLS") has filed a Motion to Dismiss [Paper No. 10] for failure to state a claim upon which relief can be granted.[1] Defendant JPMorgan Chase Bank, N.A. ("Chase") has filed a similar Motion to Dismiss [Paper No. 12] for failure to state a claim against it. Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and MERS have filed a Motion to Dismiss [Paper No. 6] in which they argue insufficient service of process as to all defendants. Defendant Wells Fargo Bank, NA ("Wells Fargo") has filed a Motion to Dismiss on the same grounds [Paper No. 15].

---

[1] Plaintiffs filed their original Complaint on June 14, 2013. They amended it on July 9, 2013. The amendment did not comply with Local Rule 103.6(c), which requires that an amended pleading be accompanied by a document which displays the changes made to the document. It appears that the only change, however, was the addition of more defendants. Since Plaintiffs' current claims will all be dismissed with or without prejudice, the claims dismissed without prejudice may be re-filed. Plaintiffs will be given 45 days to file a new complaint composed of these claims, to be titled Second Amended Complaint.

For the reasons that follow, the Court **GRANTS WITH PREJUDICE** SLS's Motion to Dismiss and Chase's Motion to Dismiss as to Counts I, II, III and VI of the Amended Complaint, and **GRANTS WITHOUT PREJUDICE** SLS's Motion to Dismiss and Chase's Motion to Dismiss as to all remaining counts. Further, the Court **GRANTS WITHOUT PREJUDICE** Deutsche Bank and MERS's Motion to Dismiss and Wells Fargo's Motion to Dismiss as to themselves.

## I.

The Amended Complaint is largely incoherent and devoid of material factual allegations. Although its few alleged facts center on foreclosure, the Felders ultimately allege civil rights violations, criminal violations, and various intentional torts. Despite the deficiencies in the pleadings, the Court has been able to glean the following basic facts from the briefs and exhibits filed in connection with Defendants' Motions to Dismiss.[2]

The case arises from foreclosure proceedings relating to four Felder properties located in Prince George's County, Maryland:

- 5502 Parkers Endeavor Drive, Bowie, Maryland 20720 ("Parkers Property")
- 2406 Nicol Circle, Bowie, Maryland 20721 ("Nicol Property")
- 10605 Blackstone Avenue, Cheltenham, Maryland 20623 ("Blackstone Property")
- 17119 Aspen Leaf Drive, Bowie, Maryland 20716 ("Aspen Property")

*See* SLS's Mot. to Dismiss 2 (*citing* Am. Compl. pp. 9-10).

Between 1993 and 2012, a number of events involving these properties occurred, including the recording of deeds and deeds of trust, trustee sales, and orders of ratification. *See Id.* at 2 (*citing* Am. Compl. pp. 9-11). At some point there was a foreclosure sale of one or more

---

[2] The Court considers these facts only to establish an intelligible background; they are not deemed to be "well-pleaded allegations" by Plaintiffs for the purposes of a Motion to Dismiss under Federal Rule of Procedure 12(b)(6).

of the properties. *Id.* at 2 (*citing* Am. Compl. p. 15). Plaintiffs say they did not receive "notice…after the first sale of the subject property." *Id*. at 2 (*citing* Am. Compl. p. 15). They continue: "[F]ormer [S]heriff [M]ichael [A]ngelo Jackson did not have sufficient evidence to proceed with a sheriff's sale. [T]he sheriff is not in possession of and never will be in possession of a valid court order for the sale of the subject property." *Id.* at 2 (*citing* Am. Compl. pp. 16-17). It is not clear from the Amended Complaint, however, what property was sold at the sheriff's sale.

Chase was the servicer of a loan to Harold Felder that was secured by deeds of trust on the property at 2406 Nicol Circle in Bowie, Maryland (the "Property"). *See* Chase's Mot. to Dismiss, Docket No. 12, at 2. Felder had purchased the Property for $705,000 on November 30, 2006, financing part of the purchase price with a trust loan of $564,000.[3] *Id.* The deed and the deed of trust were recorded in the land records of Prince George's County. Chase has provided copies of the deed and the deed of trust. *See* Docket No. 12, Ex. A and B.

By August 2008, Harold Felder was in default on the trust loan and Washington Mutual Bank, which had become the noteholder, appointed as Substitute Trustees co-defendants John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown, and Erik W. Yoder (together, the "Substitute Trustees"). The deed of appointment was recorded in the land records of Prince George's County. *See* Docket No. 12, Ex. C.

On January 20, 2009, the Substitute Trustees docketed a foreclosure action in the Circuit Court for Prince George's County. *See* Docket No. 12, Ex. D. A foreclosure sale eventually was ratified by the Circuit Court on June 7, 2010. *Id.* The Property was thereupon deeded by the Substitute Trustees to Chase, the buyer at the foreclosure sale, on June 17, 2010. The Substitute

---

[3] Chase references a second trust loan of $141,000 in its Motion to Dismiss, but has not provided evidence of this second loan or of any deed of trust securing it.

Trustee's deed was recorded in the land records of Prince George's County. *See* Docket No. 12, Ex. E. The deed indicates that the Property sold for $301,000 on July 28, 2009. *Id.* Following audit, the foreclosure sale was ratified and Chase was awarded possession of the Property. *See* Docket No. 12, Ex. D.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which requires only that a plaintiff submit "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive such a motion, the plaintiff must present enough factual content to render his claim "plausible on its face," i.e., to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*, 551 U.S. at 94; *see also Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

A district court has the discretion to grant a motion to dismiss with or without prejudice. *Hinks v. Bd. of Educ. of Harford Cnty.*, Civ. No. WDQ-09-1672, 2010 WL 5087598, at * 2 (D. Md. Dec. 7, 2010). Dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *Id.* (*citing Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)).

### III.

SLS and Chase (by adoption of SLS's Motion) argue that all the Felders' claims should be dismissed for failure to state a claim upon which relief can be granted. As to the claims arising under the Civil Rights Act and the criminal statutes, SLS and Chase argue that the Felders cannot bring such causes of action against them. Apart from this, as to all claims, SLS and Chase argue that Plaintiffs have not pled sufficient facts to support their claims. The Court agrees.

### A.

The Court turns first to the viability of Counts I, II and III arising under the Civil Rights Act, 42 U.S.C. § 1981, *et seq.* The Civil Rights Act provides a remedy for violations of constitutional rights based on "state action." *See* 42 U.S.C. § 1981, *et seq.* The Felders' claims under the Civil Rights Act are clearly untenable. In no sense were SLS or Chase state or federal actors. *See 42 U.S.C.* § 1983; *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) (*citing Nat. Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988)) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government."); *Andrews v. Fed. Home Loan Bank of Atlanta,* 998 F.2d 214, 216 (4th Cir. 1993) ("In our constitutional scheme, state action doctrine protects the private sector from the restrictions imposed on the conduct of government"). Nor is there any suggestion that

SLS or Chase shared a "sufficiently close nexus" with state actors such that the actions of the former "may be fairly treated as that of the [s]tate itself." *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 884 (D. Md. 2012) (alteration in original) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *see also Ventura v. Am.'s Servicing Co.*, Civ. No. 8:13-CV-02087-AW, 2013 WL 4482949, at *4 (D. Md. Aug. 20, 2013).

Accordingly, Counts I, II and III of the Amended Complaint are dismissed with prejudice as to SLS and Chase.

**B.**

The Court next turns to the viability of Count VI alleging violations of criminal statutes 18 U.S.C. §§ 241 and 242. These, too, fail as a matter of law. There is no private cause of action under these criminal statutes. *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009); *see also Mesmer v. St. Mary's Cnty.*, Civ. No. DKC-10-1053, 2010 WL 1881772, at *2 (D. Md. May 7, 2010) (dismissing claims under 18 U.S.C. §§ 241 and 242 because plaintiff may not attempt to bring criminal charges in a civil proceeding).

Count VI of the Amended Complaint is also dismissed with prejudice as to SLS and Chase.

**C.**

Finally, SLS and Chase argue that the remaining counts of the Amended Complaint, i.e. Counts IV, V, VII and VIII, fail to meet the minimum pleading standard required to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees.

The Amended Complaint is essentially devoid of material factual allegations. Even under a most generous reading, it fails to "state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs need to re-think their claims and attempt to flesh out a new complaint that contains substantial material factual averments in support of the claims they believe they have. For now, these remaining counts, as to SLS and Chase, are dismissed *without* prejudice.

**V.**

Deutsche Bank, MERS and Wells Fargo argue that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because service as to them was defective.[4] Again, the Court agrees.

Fed. R. Civ. P. 4(c) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." The original Complaint was filed on June 14, 2013. The Clerk of the Court issued summonses on July 1, 2013. On July 9, 2013, the Felders returned the summonses as executed, suggesting that they were served by certified mail, and the Clerk docketed them. Review of the certified mail receipts, however, indicates mailing dates between June 7, 2013 and June 21, 2013, *before the summonses were issued by the Clerk, and in some cases, before the original Complaint was even filed with the Court*. The Felders failed to comply with the general rule of service contained in Rule 4(c) regulating the service of a summons and Complaint upon a defendant.

Furthermore, the Felders' service on Defendants was insufficient under Fed. R. Civ. P. 4(e) and 4(h), which provide that both corporations and individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Since the Felders attempted to

---

[4] These Defendants apparently seek dismissal of the case as to *all* Defendants based on defective service. It is not clear by what authority these Defendants purport to speak for Defendants other than themselves. In any event, since SLS and Chase have filed Motions to Dismiss, they have foregone the defective service issue.

serve by certified mail, they were presumably choosing to follow Maryland Rule 2-121. *See* Docket No. 4. But they did not, as required by Maryland Rule 2-121(a)(3), serve the Defendants by certified mail requesting "Restricted Delivery-show to whom, date, address of delivery."

Service of Process as to Deutsche Bank, MERS, and Wells Fargo was therefore clearly deficient. The Amended Complaint is therefore dismissed *without* prejudice as to these Defendants.

**VI.**

For the foregoing reasons, as to Counts I, II, III, and VI of the Amended Complaint, SLS's Motion to Dismiss [Paper No. 10] and Chase's Motion to Dismiss [Paper No. 12] are **GRANTED WITH PREJUDICE** as to SLS and Chase only. As to Counts IV, V, VII and VIII, SLS's Motion to Dismiss and Chase's Motion to Dismiss are **GRANTED WITHOUT PREJUDICE** as to SLS and Chase only. Deutsche Bank and MERS's Motion to Dismiss [Paper No. 6] and Wells Fargo's Motion to Dismiss [Paper No. 15] are **GRANTED WITHOUT PREJUDICE** as to all remaining Defendants. The Court **GRANTS** Plaintiffs leave to prepare a new Second Amended Complaint, arrange for new summonses and effect proper service on any Defendants as to whom a claim was dismissed without prejudice, but must do so within **45 days** from this date.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 4, 2013**