IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAROLD E. FELDER, et al.** | * |
| **Plaintiffs** | * |
| | * Civ. No.: PJM 13-1741 |
| v. | * |
| | * |
| **BUONASSISSI, HENNING & LASH, PC** | * |
| et al. | * |
| | * |
| **Defendants** | * |

## MEMORANDUM OPINION

Plaintiffs Harold and Cherry Felder, *pro se*, have filed a Second Amended Complaint following the Court's October 4, 2013 Memorandum Opinion directing them to seriously re-think the claims they attempted to assert in their first Amended Complaint. Defendants have filed several Motions to Dismiss or to Strike the Second Amended Complaint: Specialized Loan Servicing, LLC's ("SLS") Motion to Dismiss the Second Amended Complaint (Paper No. 28); Wells Fargo, MERS, Federal Home Loan Mortgage Corporation and Federal National Mortgage Corporation's ("Wells Fargo Defendants") Motion to Strike Plaintiffs' Second Amended Complaint, or, Alternatively, to Dismiss Plaintiffs' Second Amended Complaint (Paper No. 31), Howard Bierman, Jacob Geesing, Carrie M. Ward, and Bierman, Geesing & Ward LLC's ("BWW Defendants") Motion to Strike Plaintiffs' Second Amended Complaint, or in the Alternative Motion to Dismiss (Paper No 38); Jeffrey Nadel's Motion to Quash Service of Plaintiffs' Second Amended Complaint and Motion to Dismiss (Paper No. 41); and Ocwen Loan Servicing, LLC's Motion to Strike Plaintiffs' Second Amended Complaint, Or, Alternatively, Motion to Dismiss Plaintiffs' Second Amended Complaint (Paper No. 43).

For the reasons that follow, the Court **GRANTS** the Motions to Dismiss, and **DISMISSES** the Complaint as to all Defendants. The case will be **CLOSED**.

I.

The Second Amended Complaint is nearly identical to the First Amended Complaint. Where the First Amended Complaint was "incoherent and devoid of material factual allegations," *Felder v. Buonassissi, Henning & Lash, PC*, CIV. PJM 13-1741, 2013 WL 5550947 (D. Md. Oct. 4, 2013), Paper No. 25 ("Oct. 4, 2013 Memorandum Opinion"), the Second Amended Complaint contains even fewer factual allegations. The Felders have completely disregarded the Court's ruling that they needed to re-think their claims.

Once again, the Court seeks to cut through the thicket of the Felders' purported claims.

The case arises from foreclosure proceedings relating to four Felder properties located in Prince George's County, Maryland:

- 5502 Parkers Endeavor Drive, Bowie, Maryland 20720 ("Parkers Property")
- 2406 Nicol Circle, Bowie, Maryland 20721 ("Nicol Property")
- 10605 Blackstone Avenue, Cheltenham, Maryland 20623 ("Blackstone Property")
- 17119 Aspen Leaf Drive, Bowie, Maryland 20716 ("Aspen Property")

*See* 2d Am. Compl. p. 6.

A more detailed summary of the facts surrounding the case, gleaned from Defendants' Motions to Dismiss the First Amended Complaint, can be found in the Oct. 4, 2013 Memorandum Opinion. Although the only facts in this Second Amended Complaint reference foreclosure, the Felders continue to allege civil rights violations, criminal violations, and various intentional torts. For the same reasons stated in the Oct. 4, 2013 Memorandum Opinion, all of their claims must be dismissed.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which requires only that a plaintiff submit "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*, 551 U.S. at 94. Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

## III.

SLS "out of an abundance of caution" has filed a Motion to Dismiss, even though it is not listed as a party on the Second Amended Complaint. It argues that the Felders' claims against it should still be dismissed with prejudice for the same reasons that the First Amended Complaint was dismissed. The Wells Fargo Defendants, BWW Defendants, Nadel, and Ocwen move to strike Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(a)(1) and 12(f), or in the alternative, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (and pursuant to 12(b)(5) for failure to effect proper service). The Felders' responses to these Motions are incoherent, asking the Court to ignore the pleading requirements because of their *pro se* status.

The Court agrees with the moving Defendants that the Felders' Second Amended Complaint fails to state a claim, and it should be dismissed for the same reasons the First Amended Complaint was dismissed. Although not all Defendants have entered an appearance in this case, the same reasons that the Complaint is being dismissed as to the moving Defendants would also apply to them. Accordingly, to serve the interests of judicial economy, the Complaint will be dismissed as to all Defendants.

Because the Felders have ignored the Court's instructions that "Plaintiffs need to re-think their claims and attempt to flesh out a new complaint that contains substantial material factual averments in support of the claims they believe they have," Oct. 4, 2013 Mem. Op. at 7, they will not be permitted to amend their Complaint a third time. The case will be closed. The Felders may, of course, pursue whatever appeal rights they may feel they have. But the Defendants should not have to respond again and again to claims as tenuous as those asserted here appear to be.

### A.

For instance, in Counts I, II and III of the Second Amended Complaint, all of which arise under the Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, the Felders still have not alleged that Defendants were state actors, nor do they suggest that Defendants shared a "sufficiently close nexus" with state actors such that the actions of the former "may be fairly treated as that of the [s]tate itself." *See 42 U.S.C.* § 1983; *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 884 (D. Md. 2012). Further, the Felders allege no facts to support these claims. Counts I, II and III are dismissed as to all Defendants.

**B.**

As the Court stated in its Oct. 4, 2013 Memorandum Opinion, Count VI, which alleges violations of criminal statutes, 18 U.S.C. §§ 241 and 242, fails as a matter of law because no private cause of action is available under these criminal statutes. *See Mesmer v. St. Mary's Cnty.*, Civ. No. DKC-10-1053, 2010 WL 1881772, at *2 (D. Md. May 7, 2010) (dismissing claims under 18 U.S.C. §§ 241 and 242 because plaintiff may not attempt to bring criminal charges in a civil proceeding). Count VI is dismissed as to all Defendants.

**C.**

As for Count VIII, Mail Fraud, the Felders allege violations of 18 U.S.C. §§ 1341 and 1342. These are also criminal statutes that provide no private cause of action. *See Baumgarten v. Castruccio*, CIV. CCB-11-2506, 2013 WL 4541166, at *1 (D. Md. Aug. 26, 2013). Count VIII is dismissed as to all Defendants.

**D.**

Finally, Count IV (Malicious Abuse of Process), Count V (Malicious Prosecution), and Count VII (Intentional Infliction of Emotional Distress) still fail to meet the minimum pleading standard required to survive a motion to dismiss, since they do not set forth *any* facts. Counts IV, V, and VII are dismissed as to all Defendants.

**IV.**

The Wells Fargo Defendants, Nadel and Ocwen also argue that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because service as to them was defective. The Felders apparently attempted to serve these Defendants themselves, failed to send copies of the Second Amended Complaint by certified mail marked restricted delivery, and neglected to include a summons. Because the Complaint is being dismissed for failure to state a

-6-

claim as to any named (even improperly served) Defendants, it is unnecessary to reach the issue of service of process. But the Court is constrained to note that for the same reasons that service was deficient for the First Amended Complaint, service remains deficient at this time.

## VII.

For the foregoing reasons, the Motions to Dismiss are **GRANTED** and the Complaint is dismissed as to all Defendants.[1]

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

May 6, 2014

---

[1] The Court respectfully suggests that the Felders might benefit from seeking competent legal counsel before spending more time and effort on pursuing this case.